UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **CHARLES FAIRCHILD, individually and on behalf of all others similarly situated,**<br><br>vs.<br><br>**THE WILLIAMS COMPANIES, INC. AND WILLIAMS ENERGY RESOURCES, LLC.** | DOCKET NO. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br><br>PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.    SUMMARY**

1.   Plaintiff Charles Fairchild brings this lawsuit to recover unpaid overtime wages and other damages from The Williams Companies, Inc. and Williams Energy Resources, LLC (collectively "Williams") under the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2.   Williams is an energy delivery company. Williams employs energy and inspector personnel to carry out its work.

3.   Fairchild and the other workers like him regularly worked for Williams in excess of forty (40) hours each week.

4.   But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5.   Instead of paying overtime as required by the FLSA and PMWA, Williams improperly classified Fairchild and those similarly situated workers as exempt employees and paid them a daily rate with no overtime compensation.

6.   This collective action seeks to recover the unpaid overtime wages and other damages

owed to these workers.

## II.  JURISDICTION AND VENUE

7.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.  The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants maintain a corporate office in this District and Division at 2000 Commerce Drive, Pittsburgh, Pennsylvania 15275.

10. Additionally, Fairchild worked for Williams throughout Pennsylvania.

## III.  THE PARTIES

11. Fairchild worked for Williams from January 2019 until September 2019 as a utility inspector.

12. Throughout his employment with Williams, Fairchild was paid a day-rate with no overtime compensation.

13. Fairchild's consent to be a party plaintiff is attached as Exhibit A.

14. Fairchild brings this action on behalf of himself and all other similarly situated workers who were paid by Williams' day-rate system.  Williams paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and PMWA.

15. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All inspectors who worked for, or on behalf of, The Williams Companies, Inc. or Williams Energy Resources, LLC who were paid a day rate in the past three (3) years.** ("Putative Class Members").

16. Defendant The Williams Companies, Inc. is a foreign corporation doing business throughout the United States. The Williams Companies, Inc. may be served through its registered agent, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

17. Defendant Williams Energy Resources, LLC is a foreign corporation doing business throughout the United States. Williams Energy Resources, LLC may be served through its registered agent, **CT Corporation System, Two Commerce Square, 2001 Market Street, 5th Floor, Philadelphia, Pennsylvania 19103.**

## IV. COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, Williams has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Williams has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Williams has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Fairchild and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

22. As will be shown through this litigation, Williams treated Fairchild the Putative Class Members as employees and uniformly dictated the pay practices Fairchild and its other employees were subjected to.

## V. FACTS

23. Williams claims that "For more than a century, [Williams] has provided valuable energy infrastructure that Americans count on every day. [Williams] has a long successful history of doing things right—[Williams] doesn't take shortcuts and [Williams] treats people, the environment, and communities with respect."[1] To complete their business objectives, Williams hires inspector personnel (like Fairchild) to perform work.

24. Many of these individuals worked for Williams on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

25. Williams paid the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

26. For example, Fairchild worked for Williams throughout 2019. During his employment with Williams, he was paid on a day-rate basis.

27. Fairchild normally worked 10 to 12 hours a day for six days a week.

28. Fairchild was never guaranteed a salary when he worked for Williams.

29. Fairchild was required to report the days worked to Williams, not the hours he worked.

---

[1] co.williams.com (last visited November 8, 2019).

30. The work Fairchild performed was an essential and integral part of Williams' core business.

31. During Fairchild's employment with Williams, it and/or the company Williams contracted with exercised control over all aspects of his job.

32. Williams and/or the company it contracted with controlled all the significant or meaningful aspects of the job duties performed by Fairchild.

33. Even though Fairchild often worked away from Williams' offices, Williams still controlled all aspects of Fairchild's job activities by enforcing mandatory compliance with Williams' and/or its client's policies and procedures.

34. Williams directly determined Fairchild's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Williams.

35. Very little skill, training, or initiative was required of Fairchild to perform his job duties.

36. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Williams and/or its clients. Virtually every job function was pre-determined by Williams and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

37. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring no college education or other advanced degree.

38. Fairchild and the Putative Class Members did not have any supervisory or management duties.

39. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

40. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

41. Williams' policy of failing to pay its inspectors, including Fairchild, overtime violates the FLSA and PMWA because these workers are performing non-exempt job duties.

42. It is undisputed that Fairchild and the Putative Class Members are performing manual labor and working long hours out in the field.

43. Williams' day-rate system violates the FLSA and PMWA because Fairchild and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

### VI.     FLSA VIOLATIONS

44. As set forth herein, Williams has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an Williams engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

45. Williams knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Williams' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

46. Accordingly, Fairchild and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII.  PMWA Violations

47. Fairchild brings this claim under the PMWA as a Rule 23 class action.

48. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

49. At all relevant times, Williams was subject to the requirements of the PMWA.

50. At all relevant times, Williams employed Fairchild and the Putative Class Members as an "employee" within the meaning of the PMWA.

51. The PMWA requires employers like Williams to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Fairchild and the Putative Class Members are entitled to overtime pay under the PMWA.

52. Williams has and had a policy and practice of misclassifying Fairchild and the Putative Class Members as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

53. Fairchild and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

54. Fairchild and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Williams, as provided by the PMWA.

### VII.   Class and Collective Action Allegations

55. Fairchild incorporates all previous paragraphs and alleges that the illegal pay practices Williams imposed on Fairchild were likewise imposed on the Putative Class Members.

56. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

57. Numerous other individuals who worked with Fairchild indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

58. Based on his experiences and tenure with Williams, Fairchild is aware that Williams' illegal practices were imposed on the Putative Class Members.

59. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

60. Williams' failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

61. Fairchild's experiences are therefore typical of the experiences of the Putative Class Members.

62. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

63. Fairchild has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Fairchild has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

64. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

65. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Williams will reap the unjust benefits of violating the FLSA, PMWA, and any other applicable state labor laws.

66. Furthermore, even if some of the Putative Class Members could afford individual litigation against Williams, it would be unduly burdensome to the judicial system.

67. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

68. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Williams employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and PMWA;

   b. Whether Williams' day rate pay practice meets the salary-basis test;

   c. Whether Williams' decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   d. Whether Williams' violation of the FLSA was willful; and

   e. Whether Williams' illegal pay practices were applied uniformly across the nation to all Putative Class Members.

69. Fairchild's claims are typical of the claims of the Putative Class Members. Fairchild and the Putative Class Members sustained damages arising out of Williams' illegal and uniform employment policy.

70. Fairchild knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

71. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### VIII. JURY DEMAND

72. Fairchild demands a trial by jury.

## IX.   RELIEF SOUGHT

WHEREFORE, Fairchild prays for judgment against Williams as follows:

a.  An Order designating the Putative Class as a FLSA collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order appointing Fairchild and his counsel to represent the interests of the FLSA Class;

c.  For an Order finding Williams liable to Fairchild and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.  For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

e.  For an Order appointing Brady and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

f.  For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

g.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    Pennsylvania Bar No. 308410
    mjosephson@mybackwages.com
    Andrew W. Dunlap
    Texas Bar No. 24078444
    adunlap@mybackwages.com
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **AND**

    Joshua P. Geist
    PA. I.D. No. 85745
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: (412) 766-1455
    Fax: (412)766-0300
    josh@goodrichandgeist.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**